UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RUSLANS BONDARS,<br>    a/k/a, "Ruslan Bondar,"<br><br>and<br><br>JURIJS MARTIŠEVS,<br>    a/k/a, "Yury Martyshev," "Jurijs Bereverovs,"<br><br>    Defendants | Criminal No. 1:16-cr-228<br><br>**UNDER SEAL** |

## GOVERNMENT'S MOTION TO SEAL INDICTMENT PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the indictment and arrest warrants in this matter, this Motion to Seal and proposed Order until further order of the Court.

**I.    REASONS FOR SEALING (Local Rule 49(B)(1))**

    1.    The Federal Bureau of Investigation (FBI) is investigating a conspiracy to commit computer intrusions and wire fraud in violation of 18 U.S.C. §§ 371 and 1349, as described in the indictment.

    2.    Premature disclosure of the charges against the defendants would jeopardize an ongoing criminal investigation threatening our ability to locate and arrest the defendants, jeopardize the safety or cooperation of confidential witnesses, and could lead to the destruction of

evidence. In particular, the defendants are Latvian nationals residing in Latvia and Russia, respectively, and are sophisticated cybercriminals who are likely to search publicly-available information to determine whether they are under investigation and indictment in the United States. Notice of the indictment and arrest warrant would likely cause the defendants to avoid foreign travel and take other steps to prevent their apprehension and extradition, and to destroy evidence by, for example, moving or encrypting servers that service their criminal organization. Another procedure will not adequately protect the needs of law enforcement at this time because, due to the sophistication of the defendants, they are likely to search for and find any publically available indictment charging them with crimes. Therefore, any procedure short of sealing the indictment is not likely to be effective in preventing the defendants from learning that they are being investigated and have been indicted.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal indictments. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing the indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir.

1996); <u>Matter of Flower Aviation of Kansas, Inc.</u>, 789 F.Supp. 366 (D. Kan. 1992).

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The indictment and arrest warrants would need to remain sealed until the United States moves to unseal this matter, except that these documents may be provided to the Federal Bureau of Investigation (FBI) and foreign and domestic law enforcement and diplomatic personal as necessary to execute the arrest warrant and/or cause the apprehension and extradition of the defendant.

5. Upon occurrence of the event specified in paragraph 4, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation.

WHEREFORE, the United States respectfully requests that the indictment and arrest warrants, together with this Motion to Seal and proposed Order, be sealed until further order of the Court.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____
Kellen S. Dwyer
Assistant United States Attorney