# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
Alexandria Division

UNITED STATES OF AMERICA

v.

Case Number:   1:16CR000228

RUSLANS BONDARS
Aka Ruslan Bondar
Defendant.

USM Number:  91267-083

Defendant's Attorney:   Jessica Carmichael, Esq.

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts One, Two and Four after a plea of not guilty. The defendant was found not guilty on Count Three.

Accordingly, the defendant is adjudicated guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy | Felony | October 12, 2016 | One |
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud | Felony | October 12, 2016 | Two |
| 18 U.S.C. §§ 2 & 1030(a)(5)(A) | Computer Intrusion With Intent to Damage & Aiding and Abetting | Felony | December 2014 | Four |

As pronounced on September 21st, 2018, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 21st day of September, 2018.

Liam O'Grady
United States District Judge

AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case
Sheet 2 - Imprisonment

**Defendant's Name:**    **BONDARS, RUSLANS**
**Case Number:**       **1:16CR000228**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED-SIXTY EIGHT (168) MONTHS with credit for time served.  This term of imprisonment consists of a term of SIXTY (60) MONTHS on Count One and a term of  ONE HUNDRED-SIXTY EIGHT (168) MONTHS on Count Two and a term of ONE HUNDRED-TWENTY (120) MONTHS on Count Four; all counts are to run concurrently to each other.

The Court makes the following recommendations to the Bureau of Prisons:
      The defendant be placed at FCI Fort Dix.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this Judgment.


_____

UNITED STATES MARSHAL


**By**    _____

DEPUTY UNITED STATES MARSHAL

| Defendant's Name: | BONDARS, RUSLANS |
|---|---|
| Case Number: | 1:16CR000228 |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS. This term consists of a term of THREE (3) YEARS on Counts One, Two and Four, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of Supervised Release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of Supervised Release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| **Defendant's Name:** | **BONDARS, RUSLANS** |
| **Case Number:** | **1:16CR000228** |

# SPECIAL CONDITIONS OF SUPERVISION

While on Supervised Release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1. The defendant is to be surrendered to a duly-authorized immigration official of the Department of Homeland Security United States Immigration and Customs Enforcement for a deportation review in accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. 1101 et seq. As a further condition of supervised release, if deported, the defendant shall remain outside of the United States.

2. The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify others of the existence of the monitoring  software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant.

3. The defendant shall not sell or offer to sell any item on the internet for another person or entity without pre-approval and authorization from the court or probation officer. This includes, but is not limited to, selling items on internet auction sites.

AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

| Defendant's Name: | BONDARS, RUSLANS |
|---|---|
| Case Number: | 1:16CR000228 |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One | $100.00 | $0.00 | $TBD |
| Two | $100.00 | $0.00 | $TBD |
| Four | $100.00 | | $TBD |
| **TOTALS:** | **$300.00** | **$0.00** | **TBD** |

## FINES

No fines have been imposed in this case.

## RESTITUTION

TBD

AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

| | |
|---|---|
| **Defendant's Name:** | **BONDARS, RUSLANS** |
| **Case Number:** | **1:16CR000228** |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

Interest on the restitution is waived.  On any unpaid balance, the defendant shall pay to the Clerk at least $100.00 per month beginning 60 days from the inception of supervised release.  The court reserves the option to alter this amount, depending upon defendant's financial circumstances at the time of supervised release.

The defendant is jointly and severally liable for restitution with the following co-defendants: Jurijs Martisevs, docket no. 1:16CR228-002.

The defendant shall forfeit the defendant's interest in the following property to the United States:

    SEE Order of Forfeiture entered by the Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.